UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ALLEGANY CAPITAL ENTERPRISES, LLC,
SENECA MANUFACTURING COMPANY,

                          Plaintiffs,

v.                                             **DECISION AND ORDER**
                                              19-CV-160S

GRETCHEN COX,

                          Defendant.

---

### I.     Introduction

This is a diversity action commenced by two corporations[1] doing business in New York now against the former chief executive officer of Diamond Mountain Manufacturing ("DMM"), a tribal corporation. Plaintiffs allege DMM breached their contracts. Plaintiffs claim that this executive, Gretchen Cox[2], misrepresented to Plaintiffs about DMM's willingness to waive sovereign immunity, her ability to implement such a waiver, and DMM's actual waiver. After DMM's alleged breach of contract, Plaintiffs sought arbitration of their dispute with DMM, but DMM successfully argued that it never waived its sovereign immunity. The arbitrator agreed and held that DMM enjoyed tribal sovereign immunity Allegany Capital Enterp. v. Cox, No. 19CV160, 2021 WL 534803, at *2, 3 (W.D.N.Y.

---

[1] Plaintiff Allegany Capital Enterprises is a 100% Indian-owned limited liability company formed under the laws of the Sac and Fox Nation of Oklahoma. Plaintiff Seneca Manufacturing Co. is a partnership doing business in the Seneca Nation. Both Plaintiffs do business in the Seneca Nation in New York. Docket No. 8, Am. Compl. ¶¶ 1, 2; Docket No. 23, Decision and Order at 2, 3.

[2] Gretchen Cox is a resident of California, Docket No. 8, Am. Compl. ¶ 6; Docket No. 23, Decision and Order at 4.

Feb. 12, 2021) (Docket No. 23), and DMM did not waive its sovereign immunity, id. at *16.

Plaintiffs then commenced this action against three officers (including then-chief executive officer Cox) for their misrepresentations leading to Plaintiffs entering into the breached contracts. Cox with her co-Defendants moved to dismiss on sovereign immunity and personal jurisdiction grounds (Docket No. 17). This Court denied Cox's Motion to Dismiss, while granting dismissal of codefendants Stacy Dixon and Jolene Robles, Allegany Capital, supra, 2021 WL 534803 (Docket No. 23). In that Decision and Order, this Court held that the present record failed to show that DMM and its parent Susanville Indian Rancheria Corporation ("SIRCO") were arms of the Susanville Indian Rancheria to have DMM enjoy that nation's tribal sovereign immunity, id. at *16. As a result, this Court held that immunity did not extend to Cox as an officer of DMM.

Familiarity with that Decision and Order is presumed.

Now before this Court is Defendant Cox's Motion for Reconsideration[3] of denial of dismissal of the case against her (Docket No. 26). For reasons that follow, Defendant Cox's Motion for Reconsideration is denied.

## II. Background

A. Proceedings

Plaintiffs filed the initial Complaint on February 1, 2019 (Docket No. 1) and amended it on February 22, 2019 (Docket No. 8).

---

[3] In support of her motion, Cox submitted her Memorandum of Law, Docket No. 26, her Corrected Declaration, Docket No. 28, see Docket No. 26, Cox (original) Declaration.

In response, Plaintiffs submit their opposing Memorandum of Law, Docket No. 33.

Cox resigned as Chief Executive Officer of DMM on March 15, 2019 (Docket No. 26, Cox Decl. ¶ 2). Cox and Defendants moved to dismiss on May 20, 2019 (Docket No. 17). This Court granted the motion to codefendants but denied to Cox, Allegany Capital, supra, 2021 WL 534803 (Docket No. 23).

Cox filed her Answer to the Amended Complaint on February 26, 2021 (Docket No. 25).

    B. Motion to Reconsider (Docket No. 26)

Cox also moved for reconsideration of the denial of her Motion to Dismiss (Docket No. 26). Responses to this motion initially were due March 15, 2021, and any replies by March 22, 2021 (Docket No. 27). After Plaintiffs moved for extensions of time to respond (Docket Nos. 29, 31), responses eventually were due by April 26, 2021, and reply by May 3, 2021 (Docket No. 32; see Docket No. 30, Order granting first extension). Plaintiffs then filed their timely response (Docket No. 33), and Cox her reply (Docket No. 34). Upon the deadline for Cox's reply, the motion was deemed submitted without oral argument.

### III.   Discussion

    A. Applicable Standards

        1. Rule 54(b) Motion to Reconsider

Under Federal Rule of Civil Procedure 54(b), when this Court directs judgment be entered against some (but not all) of the Defendants (as was done here, Allegany Capital, supra, 2021 WL 534803, at *23, Docket No. 23), that Decision and Order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," Fed. R. Civ. P. 54(b); see 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2660, at 148 (Civil ed. 2014); North v.

3

U.S. Dep't of Justice, 892 F. Supp.2d 297, 299 (D.D.C. 2012) (district court has inherent power to reconsider interlocutory orders as justice requires); Chiclow v. Fischer, 309 F. Supp. 3d 14, 16 (W.D.N.Y. 2018) (Wolford, J.) (same).

> "The Second Circuit has 'limited district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case.' Official Comm. of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003).  Under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.' Arizona v. California, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983).  A district court 'has discretion to revisit earlier rulings in the same case, subject to the caveat that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."' Reyes v. Phillips, No. 02 CIV. 7319 (LBS), 2005 WL 2173812, at *6 (S.D.N.Y. Sept. 6, 2005) (quoting Zdanok v. Glidden Co., 327 F.2d 944, 953 (2d Cir. 1964)).

Crichlow, supra, 309 F. Supp. 3d at 16 (Docket No. 33, Pls. Memo. at 1).

Judge Wolford then observed that revision of an Order under Rule 54(b) is appropriate upon a showing "(1) 'an intervening change in controlling law,' (2) 'the availability of new evidence,' or (3) 'the need to correct clear error of law or prevent manifest injustice,'" id. (citation omitted) (Docket No. 26, Def. Memo. at 4).  The error of law must be clear, id. (Docket No. 26, Def. Memo. at 4).  "[t]he standard for granting a [motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); J.B. Sterling Co. v. Verhelle, 470 F. Supp. 3d 298, 301 (W.D.N.Y. 2020) (Wolford, J.) (Docket No. 33, Pls. Memo. at 1-2).

        2.  Necessary Party, Rule 19

As previously stated, Allegany Capital, supra, 2021 WL 534803, at *8-9 (Docket No. 23), a party is required to be named in a case where because of that person's absence this Court cannot accord complete relief among the existing parties, or

> "that person claims an interest relating to the subject of the action is so situated that disposing of the action in the person's absence may:
>
> > "(i)    as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > "(ii)   leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest,"

Fed. R. Civ. P. 19(a)(1). This is a defense that can be raised by motion, Fed. R. Civ. P. 12(b)(7).

When joinder is not feasible, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed," id. R. 19(b). Factors to consider here include

> "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or existing parties;
>
> "(2) the extent to which any prejudice could be lessened or avoided by:
>     "(A) protective provisions in the judgment;
>     "(B) shaping the relief; or
>     "(C) other measures;
>
> "(3) whether a judgment rendered in the person's absence would be adequate; and
>
> "(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."

Fed. R. Civ. P. 19(b). If after this analysis the case cannot proceed, a motion to dismiss under Rule 12(b)(7) is properly granted, see, e.g., Dine Citizens Against Ruining Our Environment v. Bureau of Indian Affairs, 932 F.3d 843, 851 (9th Cir. 2019).

When asserting nonjoinder, the party must state the name and (if known) address of the person or entity that should be joined if feasible but not joined and the reasons for not joining that person, Fed. R. Civ. P. 19(c).

B.  Contentions

Cox now moves to reconsider denial of her Motion to Dismiss (Docket No. 17) under Federal Rule of Civil Procedure 12(b)(7) for failure to join DMM as a necessary party (Docket No. 26). Cox argues that since she resigned, she no longer has access to DMM records and emails and had no further affiliation with DMM (id. Def. Decl. ¶¶ 3, 4; id., Def. Memo. at 5; Docket No. 28, Def. Corrected Decl. ¶¶ 3, 4).

Cox claims that the core of Plaintiffs' claims (and the source of any damages) is its contract dispute with DMM (Docket No. 26, Cox Memo. at 1-3, 5-6). Cox contends that DMM, a tribal enterprise of the Susanville Indian Rancheria's corporation ("SIRCO"), enjoys sovereign immunity and therefore was not named as a Defendant in this action. With this immunity, Cox concludes that necessary party DMM cannot be named as, under Rule 19, this action must be dismissed as to the last remaining defendant (Cox) for failure to name a necessary party.

Cox argues Plaintiffs' precise damage figures come from multiplying the number of cartons of cigarettes allegedly sent by Seneca Manufacturing multiplied by the licensing fee of $2.15 per carton pursuant to the terms of the contracts (id. at 6; Docket No. 8, Am. Compl. ¶¶ 52, 94, 103, 116, see also Docket No. 8, Am. Compl. ¶ 79).

Plaintiffs respond that Cox has not met the standard for Rule 54(b) reconsideration, that she raises the issue whether DMM is a necessary party that she argued unsuccessfully in support of the initial Motion to Dismiss (Docket No. 33, Pls. Memo. at 1). Plaintiffs note Cox cited the case she now argues in support of reconsideration in the original motion (Docket No. 17, Defs. Memo. at 10-12) and that case, World Touch Gaming, Inc. v. Massena Mgmt., LLC, 117 F. Supp. 2d 271 (N.D.N.Y. 2000), is not applicable (Docket No. 33, Pls. Memo. at 3, 4-5). Plaintiffs reaffirm this Court's decision that recognized that they have not asserted a breach of contract claim (id. at 5). Even if evidence is held by non-party DMM that does not mean that DMM becomes a necessary party (id. at 7). They claim that Cox, as the former chief executive officer of DMM, has enough personal knowledge to respond to discovery (id. at 6). Further, Cox was aware when Defendants moved to dismiss that she was no longer with DMM (id. at 6).

Plaintiffs, however, do not address the basis for their damages or whether it is truly a breach of contract claim rather than a fraud claim. They reiterate that they alleged fraud by Cox and not a contract claim against DMM (id. at 1, 5).

Cox replies that Plaintiffs fail to explain how their damages equal a breach of contract claim against DMM although DMM is not a party (Docket No. 34, Def. Reply Memo. at 1). She contends that their damages claim for fraudulent inducement claim is the same as damages for breach of contract and is duplicative (id., citing Mosaic Caribe, Ltd. v. AllSettled Grp., Inc., 117 A.D.3d 421, 423, 985 N.Y.S.2d 33, 35 (1st Dep't 2014)); as such, DMM is a necessary (but unavailable) party (id. at 1-2). Because DMM is immune and an indispensable party, Cox should be dismissed from this case (id. at 2).

7

Cox next disputes whether her Declaration (Docket Nos. 26, 28) should be accepted (Docket No. 34, Def. Reply Memo. at 3-5).

### C. Reconsideration of Motion to Dismiss

#### 1. Purported Clear Error

Applying the three possible grounds for reconsideration under Rule 54(b), Cox is not arguing an intervening change in the law or new evidence. She seeks reconsideration for her alleged clear error, that this Court failed to recognize DMM as a necessary party in this action, hence dismissal of Cox as a Defendant (see Docket No. 26, Def. Memo. at 4, 5-10). Given the strict application of standards for reconsideration (see Docket No. 33, Pls. Memo. at 1), Cox's present motion is denied.

Cox argues that the damage amounts clearly indicate that Plaintiffs' claims were contractual and thus required the contracting partner, DMM, as a necessary party. Plaintiffs' claim apparently assume their injury is equal to the value of tobacco cartons submitted but not paid for due to the breach and Plaintiffs' inability directly to seek redress from immune DMM.

Plaintiffs' claims allege torts (Cox's alleged fraudulent inducement into the contracts and related torts, see generally Docket No. 8, Am. Compl.) not breach of contract (Docket No. 23, 2021 WL 534803, at *22-23). Their claimed damages run from what Plaintiffs would have been earned under the breached contracts that Cox induced them to enter from her misrepresentations. The Amended Complaint does not allege how Plaintiffs arrived at their precise damage figures (cf. Docket No. 26, Cox Memo. at 5). First, the First Cause of Action differs from the others in whether Allegany Capital Enterprises or Seneca Manufacturing incurred damages of $107,328 (compare Docket

No. 8, Am. Compl. ¶ 79 with id. ¶¶ 94, 103, 116).  Second, multiplying the per carton charge of Allegany Capital Enterprises of $2.15 to the 49,920 cartons delivered to DMM in November 2016 (Docket No. 8, Am. Compl. ¶ 52; see Docket No. 26, Cox Memo. at 2, 6) equals $107,328, the same amount claimed by Plaintiffs as damages Allegany Capital Enterprises suffered in the Second, Third, and Fourth Causes of Action (Docket No. 8, Am. Compl. ¶¶ 94, 103, 116; Docket No. 26, Cox Memo. at 6), and what Seneca Manufacturing allegedly suffered in the First Cause of Action (Docket No. 8, Am. Compl. ¶ 79).  What is unclear from the pleadings is how in the Second through Fourth Causes of Action Seneca Manufacturing suffered losses equaling $187,086 (Docket No. 8, Am. Compl. ¶¶ 94, 103, 116), while Allegany Capital suffered losses in the First Cause of Action of $187,000 (id. ¶ 79).  Taking Seneca Manufacturing's alleged per carton rate of $2.41 to the truckload of cartons sent to DMM in November 2016 (id. ¶ 52), the 49,920 cartons would cost $120,307.20.  The Amended Complaint does not allege how Seneca Manufacturing arrived at its damage claims.

These damages allegedly arose from Defendants' fraudulent inducement to have Plaintiffs enter the contracts with DMM.  Plaintiffs allege they were induced by Cox to enter the Tobacco Deal Contracts, upon her representations that she had the authority to bind DMM and DMM intended to waive its sovereign immunity.

The New York State Appellate Division, First Department, noted the distinction between a breach of contract and inducement to enter contract claims under New York law and the damages recoverable for each claim.

> "Causes of action for breach of contract and fraud based on the breach of a duty separate from the breach of the contract are designed to provide remedies for different species of damages:  the damages recoverable for a breach of contract are meant 'to place the nonbreaching party in as good a

9

> position as it would have been had the contract been performed' (Brushton–Moira Cent. School Dist. v. Thomas Assoc., 91 N.Y.2d 256, 261, 669 N.Y.S.2d 520, 692 N.E.2d 551 [1998]); the damages recoverable for being fraudulently induced to enter a contract are meant to 'indemnify for the loss suffered through that inducement' (Deerfield Communications Corp. [v. Cheesebrough-Ponds, Inc., 68 N.Y.2d 954, 956, 510 N.Y.S.2d 88, 502 N.E.2d 1003 (1986)] [internal quotation marks and brackets omitted]), e.g., damages for foregone opportunities (see Coppola v. Applied Elec. Corp., 288 A.D.2d 41, 42, 732 N.Y.S.2d 402 [2001])."

Mañas v. VMS Assocs. LLC, 53 A.D.3d 451, 454, 863 N.Y.S.2d 4, 7 (1st Dep't 2008).

Plaintiffs' damage claim here may be seeking indemnification for their losses suffered through the inducement to enter the Tobacco Deal Contracts. Those damages could equal the value of cigarettes delivered to DMM but not paid for by it because Plaintiffs might have charged similar rate to other purchasers but for the induced contracts with DMM. At this early stage of this litigation, however, it is premature to determine the appropriate measure of damages. What remains clear, however, is that DMM is not a necessary party in this action (or that there is a clear error of law to justify reconsideration) because Plaintiffs are not suing for breach of contract. Cox also did not move to dismiss for Plaintiffs' failure to state a claim predicated on Plaintiffs' damages.

Cox's sole contention is that DMM is the real party in interest and would be the defendant here but for its sovereign immunity. She argues that Plaintiffs' fraud claim is duplicative of Plaintiffs' true breach of contract claim (as manifested in their damage claims). Aside from this being a repeat of arguments Defendants made in the original motion (Docket No. 23, 2021 WL 534803, at *12) that this Court rejected (id. at *22-23), there is no clear error in law in the conclusion that no breach of contract claim has been alleged and that DMM is not a necessary party under Rule 19.

"A fraud-based cause of action is duplicative of a breach of contract claim 'when the only fraud alleged is that the defendant was not sincere when it promised to perform under the contract' (First Bank of the Ams. v. Motor Car Funding, 257 A.D.2d 287, 291, 690 N.Y.S.2d 17 [1999])." Maňas, supra, 53 A.D.3d at 453, 863 N.Y.S.2d at 7. The cases cited by Cox (Docket No. 34, Def. Reply Memo. at 1-2) had the contracting party as the defendant against both claims for breach of contract and fraudulent inducement to enter the contract, Mosaic Caribe, Ltd. v. AllSettled Grp., Inc., 117 A.D.3d 421, 422-23, 985 N.Y.S.2d 33, 35 (1st Dep't 2014), citing Maňas, supra, 53 A.D.3d at 453-54, 863 N.Y.S.2d at 7 (alleging that defendants entered a contract but did not intend to perform it); Krantz v. Chateau Stores of Canada, 256 A.D.2d 185, 186, 187, 683 N.Y.S.2d 24, 25 (1st Dep't 1998) (plaintiff contracted with defendant to serve as its consultant, plaintiff alleging breach of contract and fraud). Plaintiff in Mosaic Caribe unsuccessfully sought leave to amend the Complaint to add Krasnerman, the chief executive officer of defendant company that plaintiff contracted with, 117 A.D.3d 421, 985 N.Y.S.2d 33; Krasnerman was in a role formerly held by Cox in DMM.

The case Cox cites again, World Touch Gaming, Inc. v. Massena Management, LLC, 117 F. Supp. 2d 271 (N.D.N.Y. 2000) (Docket No. 26, Def. Memo. at 8-10; see Docket No. 17, Defs. Memo. at 10-12), also involved a breach of contract action against an Indian tribe, its casino, and management company. Similar to what happened to Plaintiffs here, World Touch Gaming entered into a lease with the casino for gaming machines and that lease provided that the casino waived sovereign immunity, id. at 273. As here, the casino was late in making lease payments and failed to make the final lease payment, id. Acknowledging the tribe and its casino enjoyed sovereign immunity, World

11

Touch Gaming argued that the lease's waiver language supported its contention that the casino and the tribe waived sovereign immunity, id. at 275. But the Tribe's Constitution mandated that only the Tribal Council can waive sovereign immunity and that had not occurred, id. The court faulted World Touch Gaming for not assuring that the casino had full authority to waive immunity, id. at 275-76 (Docket No. 26, Def. Memo. at 8-9; see also Docket No. 17, Defs. Memo. at 9-10). Having found that the tribe and casino were immune, the court next concluded that they were indispensable parties and dismissed World Touch Gaming's action, id. at 276-77.

The claim in World Touch Gaming thus appears entirely for breach of contract, id. at 277 ("The basis for this action is the Lease and Sales Agreements between World Touch and the Casino"), with the issue being whether there was sufficient authorization for waiver of sovereign immunity for World Touch Gaming to sue the casino. This differs from the present case where Allegany Capital Enterprises and Seneca Manufacturing did not sue the tribal corporation and did not allege a breach of contract. This is recognized in Cox's reconsideration (Docket No. 26, Def. Memo. at 9), acknowledging that Plaintiffs' claims were for "individual employees and corporate officers . . . [being] held liable for their own negligence or malfeasance." The case at bar is a tort case rather than a contract case. DMM remains not an indispensable party.

Here, Plaintiffs entered the Tobacco Deal Contracts with DMM. The claim before this Court, however, is Cox's alleged inducement of Plaintiffs to enter these agreements. As a result, there is no duplication of claims for breach of contract (not alleged here) and fraudulent inducement to enter that contract that would require DMM as a necessary party. Cox previously argued this in the initial Motion to Dismiss which this Court rejected

12

(id.).  Absent a novel claim or clear error, Cox's motion to reconsider (Docket No. 26) is denied.

2.  Discovery and DMM

Cox also objects because she is no longer affiliated with DMM, hence she lacks access to DMM documents.  While the parties dispute whether this Court should consider Cox's Declarations, whether they were sworn to (Docket Nos. 26, 28; compare Docket No. 33, Pls. Memo. at 5-6 with Docket No. 34, Def. Reply Memo. at 3-5), this Court need not resolve this procedural dispute.  Cox's point was that since her resignation from DMM she no longer had access to DMM's documents that could respond to discovery (or her own research of evidence).

Discovery from DMM may become an issue later in this case due to its claimed sovereign immunity.  Cox (or Plaintiffs) may need documents and electronically stored information from DMM.  No discovery has yet been sought by either side and Cox has not contended that she attempted to obtain evidence from DMM.  Minimally, the parties may resort to the discovery they obtain from each other.  The scope of subpoena upon a sovereign Native American enterprise is not yet before this Court.  This does not make DMM a necessary party (Docket No. 33, Pls. Memo. at 7).  As one court concluded, "Courts have consistently held that knowledge of relevant information does not render an individual a necessary party. See Atlantic Mutual Ins. Co. [ v. Polar Air Cargo, Ltd., No. 99 CIV 3176, 2000 WL 45706, at *2 (S.D.N.Y. Jan. 20, 2000)].  Therefore, the court finds joinder unnecessary on this basis," Third Ave. Trust v. Suntrust Bank, 163 F. Supp. 2d 215, 218 (S.D.N.Y. 2001).  Further, "facilitating discovery is not a basis for involuntary joinder," Atlantic Mut. Ins., supra, 2000 WL 45706, at *2; see also Brown v. West Valley

13

Envtl. Servs., No. 10CV210, 2010 WL 5575327, at *6 (W.D.N.Y. Sept. 2, 2010) (Scott, Mag. J.) (the corporate entity defendants claimed was necessary party held only to be a witness to plaintiff's claim and does not need to be a party to the case). DMM thus is not necessary as a Defendant while it may be a witness.

## IV.    Conclusion

For the reasons stated above, Defendant Gretchen Cox's Motion for Reconsideration (Docket No. 26) of denial, Allegany Capital, supra, 2021 WL 534803 (Docket No. 23), of her earlier Motion to Dismiss (Docket No. 17) is denied. There is no clear error of law, intervening change of law, or new evidence to justify reconsideration of the denial of Cox's motion. Cox's argument is a revival of her contention that DMM is a necessary party for Plaintiffs' breach of contract claim. No such claim exists, however; DMM is not a necessary Defendant in this action that (given its tribal sovereign immunity) would require dismissal of Cox.

Cox has answered the Amended Complaint (Docket No. 25). With denial of reconsideration, this Court will refer this case to a Magistrate Judge for pretrial proceedings, including setting a case management Order and conducting discovery and further dispositive motions.

## V.     Orders

IT HEREBY IS ORDERED, that Defendant Gretchen Cox's Motion for Reconsideration (Docket No. 26) is DENIED.

SO ORDERED.


Dated:     May 6, 2021
           Buffalo, New York

                                         s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                         United States District Judge